UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                        :

**BENNIE GIBSON**,
                        :

             Plaintiff,
                        :   **MEMORANDUM DECISION AND ORDER**

     – against –
                        :   24-CV-8295 (AMD) (RML)

                        :

**THE CITY MUNICIPALITY EMPLOYEES
UNKNOWN AGENCY, CLERK CATHERINE**  :
**WOLFE OF THE US GOVERNMENT;
SECOND CIRCUIT COURTHOUSE AND**    :
**MEMBERS OF PRO SE CLERKS HANDLING**  :
**LITIGATION; MEMBERS OF NYS
ATTORNEY GENERALS OFFICE,**        :

                        :

            Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff, who is detained at the North Infirmary Command on Rikers Island, filed the complaint on November 20, 2024, asserting claims under 42 U.S.C. § 1983 and requesting to proceed *in forma pauperis* ("IFP"). However, the plaintiff is barred from proceeding with this action IFP pursuant to 28 U.S.C. § 1915(g). For this reason, the plaintiff's IFP motion is denied and the case is dismissed.

## BACKGROUND

On April 30, 2002, Judge Sterling Johnson, Jr. barred the plaintiff from filing any future IFP complaints unless the plaintiff "demonstrates imminent danger of serious physical injury." *See Gibson v. Wise*, No. 01-CV-8382, ECF No. 10; *Gibson v. Vega*, No. 01-CV-8379, ECF No. 9 (together, the "April 30 Orders"). Judge Johnson further ordered that if the plaintiff filed any request to proceed IFP, he must: (a) request written authorization from the Court and must specifically allege the imminent danger of serious physical injury; (b) attach the proposed

complaint to any request for leave to file; and (c) attach a copy of the April 30 Orders to any

submission to the Court. *Id.*

The plaintiff brings this action against employees of the United States Court of Appeals

for the Second Circuit, employees from the New York State Attorney General's Office,

employees of the City of New York, and employees of the United States District Court for the

Eastern and Southern Districts of New York. (ECF No. 1.) He alleges that he "is trapped inside

of a racist . . . court mafia plot." (ECF No 1 at 4.) He further asserts that the court system is

corrupt. (*Id.*) In support of these allegations, the plaintiff attaches orders from the Second

Circuit striking his motions to proceed IFP and to amend an appeal because they did not comply

with that court's filing requirements. (*Id.* at 7–8.) The plaintiff seeks monetary damages.

## DISCUSSION

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Judge Johnson cited this provision is his previous orders barring the plaintiff from proceeding

IFP unless his is in imminent danger. *See* April 30 Orders.

Congress enacted the "imminent danger" exception as a "safety valve" to prevent

impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293

F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the

danger must be present when he files his complaint—in other words, a three-strikes litigant is not

excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is

filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also*

*Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (stating that imminent danger claims must

be evaluated at the time the complaint is filed, rather than at the time of the events alleged);

*Taylor v. Biden*, No. 23-CV-9082, 2024 WL 96692, at *1 (S.D.N.Y. Jan. 8, 2024) (plaintiff may

only proceed IFP if his complaint shows that he was under imminent danger of serious physical

injury at the time he filed the complaint).

 Moreover, a litigant subject to the restrictions of Section 1915(g) may proceed under IFP

only when there is an adequate nexus between the claims he seeks to pursue and the imminent

danger he alleges.  *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Court

considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant

alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a

favorable judicial outcome would redress that injury."  *Id.* at 298–99.  The allegations relevant to

the "imminent danger" inquiry "are those in which [the plaintiff] describes physical injury,

threats of violence, and deprivation of medical treatment."  *Chavis v. Chappius*, 618 F.3d 162,

165 (2d Cir. 2010).

 The Court construes the plaintiff's complaint and motion to proceed IFP as a request to

file the complaint consistent with the April 30 Orders.  The plaintiff does not allege that he is in

imminent danger of serious physical injury.  Nor has the plaintiff complied with any of the

procedural requirements in Judge Johnson's April 30 Orders — the plaintiff did not request

written authorization from the Court to file the complaint, attaching the proposed complaint and

a copy of the April 30 Orders.  The Court, therefore, denies the plaintiff's request to file the

complaint and denies the plaintiff's IFP application.

**CONCLUSION**

The plaintiff's IFP application is denied, and the complaint is dismissed without prejudice, under the PLRA's three-strikes provision.  28 U.S.C. § 1915(g).[1]  The plaintiff is barred from filing any future federal civil action IFP, while he is detained, unless he is under imminent danger of serious physical injury.

The Clerk of Court is respectfully directed to close this case, and to mail a copy of this Order to the plaintiff.

Because the plaintiff has continued to violate the filing injunction with frivolous lawsuits, the Clerk of Court is directed to open a new miscellaneous case entitled "In re Bennie Gibson," and to file a copy of this Order under that docket number.  The matter is then to be administratively closed.  Any filings by the plaintiff must be filed only under that miscellaneous docket number.  The Court will review each filing to determine whether it is frivolous or fails to state a claim.  No further action will be taken if it is frivolous or fails to state a claim.  If it states a claim, the Court will direct the Clerk of Court to open a new civil matter in which those documents will be filed, and it will proceed as a new case in the ordinary course.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] The plaintiff is not barred from filing a new federal civil action if he pays the requisite filing fees.  If the plaintiff does so, however, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
        December 9, 2024